| | |
|---|---|
| 1 | PETER A. STROTZ (SBN 129904) |
| 2 | **KING & SPALDING LLP** |
|   | 633 West Fifth Street, Suite 1600 |
| 3 | Los Angeles, CA 90071 |
|   | Tel: (213) 443-4355 |
| 4 | Fax: (213) 443-4310 |
| 5 | pstrotz@kslaw.com |
| 6 | *Attorneys for Defendant* |
|   | HANDA PHARMACEUTICALS |
| 7 | |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| HUMANA INC., | ) | Case No. |
|---|---|---|
| Plaintiff, | ) | Removed from the Superior Court of California for the County of San Francisco, Case No. CGC-23-605498 |
| v. | ) | |
| HANDA PHARMACEUTICALS, LLC, | ) | **HANDA PHARMACEUTICALS, LLC'S NOTICE OF REMOVAL** |
| Defendant. | ) | |

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**:

Defendant Handa Pharmaceuticals, LLC ("Handa") hereby removes this case from the Superior Court of California for the County of San Francisco pursuant to 28 U.S.C. § 1441(a) (removal of civil actions).

Removal is proper based on original subject-matter jurisdiction of this Court under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1332 (diversity of citizenship). This removal comports with 28 U.S.C. § 1446 (procedure for removal of civil actions).[1]

## NATURE OF REMOVED ACTION

1. This is an antitrust action concerning Handa, an ANDA filer for generic Seroquel XR, an anti-psychotic medication; Handa's 2011 settlement of its patent disputes with AstraZeneca LP, AstraZeneca Pharmaceuticals LP, and AstraZeneca UK Limited (collectively, "AstraZeneca"); Handa's 2011 settlement of its patent disputes with AstraZeneca; and the subsequent trial court judgment and Federal Circuit affirmance of AstraZeneca's Patent No. 5,948,437 (the '437 patent). Plaintiff Humana Inc. ("Humana") alleges that Handa violated various antitrust laws by resolving the AstraZeneca-Handa patent lawsuit through an allegedly anticompetitive settlement. *See, e.g.*, Complaint (attached as part of Exhibit A hereto, hereinafter "Compl."), ¶¶ 11-14.

2. This action is not the first iteration of this antitrust litigation; Plaintiff's complaint copies allegations which have been the subject of thirteen separate federal lawsuits, consolidated into one federal district court litigation, for years. *See generally In re Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litig.*, No., 20-cv-1076 (D. Del.). During the course of the course of this consolidated action, the District of Delaware has issued several substantive rulings, including a 68-page motion to dismiss opinion that dismissed several of the antitrust claims, and limited others. *See id.*, Dkt. No. 177 (July 5, 2022). The consolidated action is proceeding through fact discovery, and the deadline for substantial completion of document productions closed on March 1, 2023.

---

[1] By filing this Notice of Removal, Defendant does not waive any defense that may be available to it, and expressly reserves all such defenses, including those related to personal jurisdiction and venue.

3.     The Plaintiff in this action apparently now intends to proceed as an opt out of that same federal class action proceeding, bringing the same claims being litigated in the District of Delaware. Other putative opt outs from that class, including as represented by the same counsel here, have proceeded in the District of Delaware proceedings. *See HCSC v. AstraZeneca LP, et al.* 21-cv-1744 (D. Del. Sept. 8, 2022).

In support of this Notice of Removal, Handa provides the following non-exhaustive summary of the grounds for removal:

## **TIMELINESS OF REMOVAL**

4.     On or about March 28, 2023, Plaintiff commenced this action by filing a complaint in the Superior Court of the State of California, in and for the County of San Francisco.

5.     28 USC § 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." On March 31, 2023, Handa obtained a copy of the complaint. As of the time of this filing, Handa is not aware of itself having been served, and this Notice of Removal is therefore timely.

## **CITIZENSHIP**

6.     Plaintiff Humana Inc. is incorporated in Delaware and has its principal place of business in Kentucky. Compl. ¶ 32.

7.     Defendant Handa Pharmaceuticals LLC is incorporated in California and has its principal place of business in California. *Id.* ¶ 41; *see also* Exhibit B[2] (*HCSC v. AstraZeneca LP et al.*, Dkt. 35 (Oct. 11, 2022 D. Del.) (Handa Disclosure Statement certifying that Handa is a "California limited liability company," and its "sole member is Handa Pharma, Inc., a California corporation").

---

[2] In the interest of completeness, Handa attaches as Exhibit B hereto its corporate disclosure as filed in the District of Delaware and served on the same counsel representing Humana in this matter. As stated therein, Handa was previously registered as an LLC with the state of Delaware, but it became instead an LLC registered in the state of California in 2022. *See* Ex. B at 2 n.1.

## VENUE

8. This removal petition is properly filed in this Court because the state court in which this case was commenced, the Superior Court of California for the County of San Francisco, is within this federal judicial district. 28 U.S.C. § 1441(a).

## CONSENT

9. Pursuant to 28 U.S.C. § 1446(b)(2)(A), only defendants "who have been properly joined and served must join in or consent to the removal of the action." Handa is not aware of itself having been served, and there are no other defendants named in the complaint.

## THE COURT HAS DIVERSITY JURISDICTION

10. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions . . . between citizens of different States." Here, Humana, citizen of Delaware and Kentucky, is diverse from Handa, a citizen of California. *See supra* ¶¶ 6–7; Compl. ¶¶ 32–41; Ex. B.

11. While Handa denies any liability here, it is not in serious dispute that if Humana were to prevail on its claims it is more likely than not that the amount in controversy would significantly exceed $75,000, exclusive of interest and costs. Although the Complaint does not allege a specific amount in controversy, this fact does not deprive this Court of jurisdiction. *See, e.g.*, *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F. 3d 373, 377 (9th Cir. 1997) (holding that the District Court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy and that, if not, the court may consider facts in the removal petition and may require parties to submit summary-judgment-type evidence).

12. Moreover, the forum-defendant exception to removal under 28 U.S.C. § 1441(b)(2) is inapplicable. That exception to removal based on diversity jurisdiction applies only where a forum-resident defendant has been "properly joined and served" with the Summons and Complaint. *See* 28 U.S.C. § 1441(b)(2). As noted, Handa has not been served.

13. The action also is removable pursuant to 28 U.S.C. § 1332(d)(11) as a "mass action" in which "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims . . .", to the extent Humana "brings all claims asserted in this Complaint on its own behalf and on behalf of its" Administrative Services Only customers. Compl. ¶ 36.

**THE COURT ALSO HAS FEDERAL-QUESTION JURISDICTION**

14. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Whether a case "arises under" federal law is to be determined based on the content of a "well-pleaded complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9–10 (1983).

15. A "longstanding . . . variety of federal 'arising under' jurisdiction" is when state-law claims "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). The Supreme Court has recognized this category of federal-question jurisdiction "for nearly 100 years." *Id.*; *see also Franchise Tax Bd.*, 463 U.S. at 9 (observing that the Court has "often held that a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law").

16. More specifically, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Hornish v. King Cty.*, 899 F.3d 680, 688 (9th Cir. 2018) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). Thus, under the "artful pleading" rule, a plaintiff may not "defeat removal by omitting to plead necessary federal questions" in a complaint. *In re: Nat'l Football Leagues Sunday Ticket Antitrust Litig.*, 2016 WL 1192642, at *3 (C.D. Cal. Mar. 28, 2016) (citing *Franchise Tax Bd.*, 463 U.S. at 22).

17. On the face of the Complaint, Plaintiff's claims implicate substantial federal questions and necessarily turn on interpretation of (1) federal patent law, (2) the Drug Price Competition and Patent Term Restoration Act, Pub. L. No. 98-417, 98 Stat. 1585 (1984) (commonly referred to as the "Hatch-Waxman Act"), (3) federal antitrust laws, and (4) benefits under Part D of Medicare.

18. "Since the Patent Act of 1800, Congress has lodged exclusive jurisdiction of actions 'arising under' the patent laws in the federal courts, thus allowing for the development of a uniform body of law in resolving the constant tension between private right and public access." *Bonito Boats v. Thunder Craft Boats*, 489 U.S. 141, 162 (1989); *see also* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . . No State court shall have jurisdiction over any claims for relief arising under any Act of Congress

relating to patents. . . .").

19. Humana alleges that, but for the settlement of the AstraZeneca-Handa patent litigation in the U.S. District Court for the District of New Jersey, Handa would have won the patent litigation. *See, e.g.*, Compl. ¶¶ 11; 108-11. The Complaint, for example, re-asserts the patent arguments Handa raised in the federal patent litigation. *See, e.g., id.* ¶¶ 104-110.

20. Given these and other allegations in the Complaint, removal is proper because such substantial federal patent issues are essential to and form the basis of Plaintiff's state-law claims. *See Grable*, 545 U.S. at 315. These disputed federal patent issues are substantial because, among other reasons, they directly affect an area reserved for exclusive federal jurisdiction, involve aspects of a complex federal regulatory scheme, and implicate patent rights. *See id.* at 313.

21. Each of Plaintiff's claims here also necessarily turn on substantial federal questions under the Hatch-Waxman Act. The Complaint asserts that the challenged settlement "subvert[ed] the structure and purpose of the regulatory regime implemented by the Hatch-Waxman Act." *Id.* ¶ 74. As the Complaint admits, these allegations necessarily depend on the interpretation and application of federal law governing drug approval and exclusivity. *Id.* ¶¶ 117-126. The Complaint further describes the Congressional policy embodied in the Hatch-Waxman Act. *See, e.g., id.* ¶¶ 48-57 (describing Hatch-Waxman Act's generic-approval pathways and exclusivity provisions).

22. The Complaint also raises federal antitrust questions because it asserts what are, at bottom, monopolization claims under state law, like California's Cartwright Act, only against AstraZeneca.[3] *See* Compl. ¶¶ 174, 206. "An alleged unilateral attempt to establish a monopoly is not cognizable under the Cartwright Act"—it must be asserted under the federal Sherman Act. *Templin v. Times Mirror Cable TV*, 1995 WL 314607, at *2 (9th Cir. May 22, 1995). Plaintiff also separately asserts a claim for "unfair and deceptive trade practices" under California's Unfair Competition Law ("UCL") and like Plaintiff's other claims, when "a plaintiff's UCL unfair prong claim relies on a defendant's alleged abuse of its monopoly position, that claim requires establishing a violation of federal

---

[3] Although styled as a "conspiracy" claim, and although the allegations in paragraphs 173–188 confusingly refer to "Defendants" despite that there is only one named defendant, the first claim for relief is directed at AstraZeneca and alleges, among other things, that AstraZeneca "possessed monopoly power nationwide and in each of the United States," ¶ 174, and that AstraZeneca "continue[d] charging supracompetitive prices for extended-release quetiapine fumarate products," ¶ 178.

antitrust law." *Rosenman v. Facebook Inc.*, 2021 WL 3829549, at *4 (N.D. Cal. Aug. 27, 2021).

23.  The proceeding federal issues are thus substantial and provide for federal jurisdiction. *See Gunn*, 568 U.S. at 261–62.

### CONCLUSION

For the foregoing reasons, removal is proper based on original subject-matter jurisdiction of this Court under 28 U.S.C. § 1332 and under 28 U.S.C. § 1331.  Pursuant to 28 U.S.C. § 1446(a), Handa attaches as Exhibit A copies of all process, pleadings, and orders filed in the Superior Court for the State of California, In and For the County of San Francisco.  Finally, in accordance with 28 U.S.C. § 1446(d), Defendant Handa will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of San Francisco and provide written notice to Plaintiff.  *See* Exhibit C.

Dated: March 31, 2023                                      Respectfully submitted,


By: */s/ Peter A. Strotz*
Peter A. Strotz (Bar No. 129904)
**KING & SPALDING LLP**
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel: (213) 443-4363
pstrotz@kslaw.com


*Attorney for Defendant*
*Handa Pharmaceuticals, LLC*